UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------
In re                                                    DECISION and ORDER

    THE COLAD GROUP, INC.                           05-10765 B

          Debtor
-------------------------------------------------------

                    Hodgson Russ LLP
                    Garry M. Graber, Esq., of counsel
                    One M&T Plaza, Suite 2000
                    Buffalo, New York 14203
                    Co-Counsel for the Official
                    Committee of Unsecured Creditors
                    of The Colad Group, Inc.

                    Deirdre A. Martini
                    United States Trustee
                    Christopher K. Reed, Assistant U.S. Trustee
                    42 Delaware Ave., Suite 100
                    Buffalo, New York 14202

Bucki, U.S.B.J.

      Hodgson Russ LLP, as co-counsel to the Official Committee of Unsecured Creditors, has filed a "First Application for Interim Allowance of Compensation for Fees and Reimbursement of Expenses." The Office of the United States Trustee objects to that portion of the application which seeks payment for services described under the category of "Employment and Fee Applications." For the reasons stated hereafter, the court will sustain the objection in part.

      In its fee application, Hodgson Russ LLP properly allocates its services among various categories of activity. Under the category labeled "Employment and Fee Applications," the application describes the expenditure of 104.6 hours having a value of $19,068.00. With respect to the covered dates, this billing category consumed 33% of all time that the applicant devoted to the case and 25% of the total fees requested. Taking note of these percentages, the United States Trustee contends that this portion of the request "appears to [be]

excessive and indicates the applicant's lack of billing judgment." In particular, the Trustee objects that a paralegal expended 15.5 hours to prepare an application to appoint an accountant for the Committee, and that the charge for preparing the employment application exceeded the value of the services that the accountant ultimately rendered.

In response to the Trustee's objection, Hodgson Russ LLP argues that the contested category should be viewed not as a percentage of time expended by Hodgson Russ LLP, but as a percentage of the time spent by both of the co-counsel for the Committee.  With respect to the preparation of applications for employment, Hodgson Russ LLP contends that the amount of fees bears no relationship to the appointment requirements of the Bankruptcy Code and Rules.  Noting that the disputed category includes a variety of related work, the firm has provided a supplemental breakdown which shows a more modest percentage of time devoted to the appointment of each professional.

Hodgson Russ LLP correctly contends that the reasonableness of a category of service is not necessarily defined by its percentage of all services rendered.  In unusual circumstances, for example, the appointment of a needed professional might appropriately require an employment application whose preparation costs more than the ultimate services themselves.  Nonetheless, the Trustee's approach serves well to identify potential categories of excessive charges.  Where the time spent in preparing an employment application represents a seemingly disproportional percentage of services, the Trustee properly alerts the court to a need for special scrutiny.  As with the consideration of every fee application, the court will then review the itemization of services rendered.  Based on such a review in the present instance, this court finds excess in the requested allowance for paralegal services.

I have carefully reviewed each of the time entries that Hodgson Russ LLP has submitted to the court.  All of the services rendered by attorneys appear to be reasonable.  Rather, the trustee's objection relates primarily to the assistance of a particular paralegal.  In the category of "Employment and Fee Applications," this individual recorded 57.3 hours of service.  This time included at least 25.8 hours spent on the application to employ Hodgson Russ LLP, and 15.5 hours spent on the application to appoint an accountant for the Official Committee of Unsecured Creditors.  Moreover, this work was only preliminary, as it was then reviewed by counsel.  Although the paralegal did perform some work on the resolution of conflicts, the employment applications were generally routine.  Particularly with respect to the accountant, the paralegal appears to have spent an excessive amount of time in preparing what was essentially a preliminary draft of the application for appointment.

For any particular provider of services, billing rates should appropriately reflect several factors, including education, competence, experience, accountability and risk.  Most paralegals lack the training derived from the rigors of law school.  Without a license to practice law, they have no duty to account professionally as an officer of the court.  Nor do they share the same risks of liability for malpractice.  For these reasons, the court will carefully review any proposal to compensate a firm for paralegal services at rates that approach those allowed for attorneys.

Hodgson Russ LLP proposes that the paralegal be billed at $130 per hour, a rate that almost matches that of the most junior attorney on this file.  When a paralegal is billed at a rate significantly less than that of an attorney, his or her service may represent a net savings despite a somewhat lesser degree of efficiency.  But if this court is to allow a paralegal to be billed near the firm's rate for attorneys, then the court will expect a correspondingly high level of

productivity. In the present instance, however, the particular paralegal did not efficiently complete the assigned task. Under the category of "Employment and Fee Applications," the firm now requests $7,449 as compensation for the 57.3 hours of service by its paralegal. Based upon all of the circumstances, I believe that a reasonable compensation for these paralegal services should instead be set at $5,000, thereby causing a reduction of compensation in the amount of $2,449.

Altogether, the application of Hodgson Russ LLP seeks compensation of $75,170 for services rendered, together with reimbursement of expenses in the amount of $1,558.29. For the reasons stated at the hearing on this matter, the request for reimbursement will be allowed on a final basis for the amount requested. For the reasons stated in this opinion, the application for compensation will be reduced to $72,721. At this point of the proceedings, because the case is not near to completion, the court is unable to consider fully all of the factors set forth in 11 U.S.C. §330(a)(3). Accordingly, the request for compensation will be allowed on an interim basis only, for 90 percent of the sum of $72,721. Thus, for services rendered, Hodgson Russ LLP may at this time receive payment of $65,448.90. Consideration of the remaining balance of $7,272.10 will be deferred until completion of this case.

So ordered.

Dated:	Buffalo, New York					/s/ CARL L. BUCKI
	December 14, 2005						U.S.B.J.